Jonathan Stoler
Eric Raphan
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 653-8700
Fax: (212) 653-8701
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
FRANCISCO FERREIRA, individually and on
behalf of all others similarly situated,

                                Plaintiffs,

            -against-

MODELL'S SPORTING GOODS, INC., and
HENRY MODELL & COMPANY, INC.,

                              Defendants.
------------------------------------------------------------------ x

Civil Action No. 11-cv-02395 (DAB) (AJP)

**ANSWER AND**
**AFFIRMATIVE DEFENSES**

Defendants Modell's Sporting Goods, Inc. ("Modell's Sporting Goods") and Henry Modell & Company, Inc. ("Modell & Company") (collectively, "Defendants"), by and through their undersigned attorneys, Sheppard, Mullin, Richter & Hampton, LLP, hereby answers the Complaint, filed April 8, 2011 (the "Complaint"), by Plaintiff Francisco Ferreira ("Plaintiff"), herein as follows:

## NATURE OF THE ACTION

1. Defendants aver that the allegations set forth in paragraph 1 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 1 of the Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations. Defendants further aver

-1-

that Plaintiff purports to bring his claims on behalf of himself and other current and former assistant store managers and similarly situated current and former employees holding comparable positions but different titles employed by Defendants, and that Plaintiff purports to define such group as the "Collective Action Members."

2. Defendants aver that the allegations set forth in paragraph 2 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 2 of the Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.  Defendants further aver that Plaintiff purports to bring his claims pursuant to Fed.R.Civ.P. 23, on behalf of himself and other current and former assistant store managers and similarly situated current and former employees holding comparable positions but different titles employed by Defendants, and that Plaintiff purports to define such group as the "Class."

## JURISDICTION AND VENUE

3. Defendants aver that the allegations set forth in paragraph 3 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 3 of the Complaint contains factual allegations, Defendants deny each and every allegation.

4. Defendants aver that the allegations set forth in paragraph 4 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 4 of the Complaint contains factual allegations, Defendants deny each and every allegation.

5. Defendants aver that the allegations set forth in paragraph 5 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the

extent that paragraph 5 of the Complaint contains factual allegations, Defendants deny each and every allegation.

6. Defendants aver that the allegations set forth in paragraph 6 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 6 of the Complaint contains factual allegations, Defendants deny each and every allegation.

7. Defendants deny each and every allegation set forth in paragraph 7 of the Complaint, except admit that Defendants conduct business in New York.

## THE PARTIES

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny each and every allegation set forth in paragraph 9 of the Complaint, except admit that Plaintiff was employed by one or both Defendants from December 2006 to February 2011.

10. Defendants deny each and every allegation set forth in paragraph 10 of the Complaint, except admit that while Plaintiff was employed by one or both Defendants he worked as an assistant manager at the store located at 421 Boston Post Road, Port Chester, New York.

11. Defendants deny each and every allegation set forth in paragraph 11 of the Complaint, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. Defendants deny each and every allegation set forth in paragraph 14 of the Complaint, except admit that Defendants operate retail sporting goods stores with locations in

New York, New Jersey, Pennsylvania, Connecticut, Delaware, Maryland, Massachusetts, New Hampshire, Virginia, Rhode Island, and the District of Columbia.

15. Defendants aver that the allegations set forth in paragraph 15 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 15 of the Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Plaintiff was employed by one or both Defendants.

16. Defendants aver that the allegations set forth in paragraph 16 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 16 of the Complaint contains factual allegations, Defendants deny each and every allegation.

17. Defendants admit the allegations in paragraph 17 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

18. Defendants deny each and every allegation set forth in paragraph 18 of the Complaint, and aver that Plaintiff purports to bring his Fair Labor Standards Act ("FLSA") claim on behalf of all persons who are or were formerly employed by Defendants as an assistant store manager at any time from April 8, 2008, to the entry of judgment in this case and that Plaintiff purports to define this time period as the "Collective Action Period."

19. Defendants aver that the allegations set forth in paragraph 19 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 19 of the Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

20. Defendants deny each and every allegation set forth in paragraph 20 of the Complaint.

21.     Defendants aver that the allegations set forth in paragraph 21 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 21 of the Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Defendants maintain all appropriate records in accordance with applicable laws.

## CLASS ACTION ALLEGATIONS

22.     Defendants deny each and every allegation set forth in paragraph 22 of the Complaint, and aver that Plaintiff purports to bring his New York Labor Law ("NYLL") claims pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of himself and a class of persons consisting of all persons who work or have worked for Defendants as an assistant store manager at their retail stores from April 8, 2005, to the date of judgment in this action and that Plaintiff purports to define such group as the "Class."

23.     Defendants aver that the allegations set forth in paragraph 23 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 23 of the Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Defendants maintain all appropriate records in accordance with applicable laws.

24.     Defendants aver that the allegations set forth in paragraph 24 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 24 of the Complaint contains factual allegations, Defendants deny each and every allegation.

25.     Defendants aver that the allegations set forth in paragraph 25 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 25 of the Complaint, inclusive of subparts (a) to and including (e), contains

factual allegations, Defendants deny each and every allegation, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

26. Defendants aver that the allegations set forth in paragraph 26 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 26 of the Complaint contains factual allegations Defendants deny each and every allegation, except admit that certain members of the Class, as defined by Plaintiff, are or were employed by one or both Defendants.

27. Defendants aver that the allegations set forth in paragraph 27 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 27 of the Complaint contains factual allegations, Defendants deny each and every allegation.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint regarding the experience and competency of Plaintiff's attorneys.

29. Defendants aver that the allegations set forth in paragraph 29 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 29 of the Complaint contains factual allegations, Defendants deny each and every allegation.

30. Defendants aver that the allegations set forth in paragraph 30 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 30 of the Complaint contains factual allegations, Defendants deny each and every allegation.

31. Defendants aver that the allegations set forth in paragraph 31 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 31 of the Complaint contains factual allegations, Defendants deny each and every allegation.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

32. Defendants deny each and every allegation set forth in paragraph 32 of the Complaint, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

33. Defendants deny each and every allegation set forth in paragraph 33 of the Complaint, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

34. Defendants deny each and every allegation set forth in paragraph 34 of the Complaint.

35. Defendants deny each and every allegation set forth in paragraph 35 of the Complaint, except admit that assistant store managers are classified as exempt from coverage of the overtime provisions of the FLSA and NYLL.

36. Defendants deny each and every allegation set forth in paragraph 36 of the Complaint, except admit that assistant store managers are classified as exempt from coverage of the overtime provisions of the FLSA and NYLL.

37. Defendants aver that the allegations set forth in paragraph 37 of the Complaint, inclusive of subparts (a) to and including (b), state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 37 of the Complaint,

inclusive of subparts (a) to and including (b), contains factual allegations, Defendants deny each and every allegation.

38. Defendants deny each and every allegation set forth in paragraph 38 of the Complaint.

39. Defendants aver that the allegations set forth in paragraph 39 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 39 of the Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

40. Defendants deny each and every allegation set forth in paragraph 40 of the Complaint.

41. Defendants deny each and every allegation set forth in paragraph 41 of the Complaint.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

42. Defendants deny each and every allegation set forth in paragraph 42 of the Complaint, except admit that Plaintiff was employed by one or both Defendants from December 2006 to February 2011.

43. Defendants deny the allegations in paragraph 43 of the Complaint, inclusive of subparts (a) to and including (j), to the extent that Plaintiff alleges that he "regularly performed" the tasks listed.

44. Defendants deny the allegations in paragraph 44 of the Complaint, and avers that Plaintiff may have performed certain of the tasks listed at some time during his employment.

45. Defendants deny each and every allegation set forth in paragraph 45 of the Complaint, inclusive of subparts (a) to and including (d).

46. Defendants deny each and every allegation set forth in paragraph 46 of the Complaint.

47. Defendants deny each and every allegation set forth in paragraph 47 of the Complaint.

48. Defendants deny each and every allegation set forth in paragraph 48 of the Complaint.

49. Defendants deny each and every allegation set forth in paragraph 49 of the Complaint, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

50. Defendants aver that the allegations set forth in paragraph 50 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 50 of the Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act: Unpaid Overtime Wages)**
**(Brought on Behalf of Plaintiffs and all  FLSA Collective Action Members)**

51. Defendants incorporate the responses made to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Defendants deny each and every allegation set forth in paragraph 52 of the Complaint.

53. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint

54. Defendants aver that the allegations set forth in paragraph 54 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the

extent that paragraph 54 of the Complaint contains factual allegations, Defendants deny each and every allegation.

55. Defendants aver that the allegations set forth in paragraph 55 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 55 of the Complaint contains factual allegations, Defendants deny each and every allegation.

56. Defendants aver that the allegations set forth in paragraph 56 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 56 of the Complaint contains factual allegations, Defendants deny each and every allegation.

57. Defendants aver that the allegations set forth in paragraph 57 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 57 of the Complaint contains factual allegations, Defendants deny each and every allegation, except admit that Plaintiff was employed by one or both Defendants from December 2006 to February 2011.

58. Defendants deny each and every allegation set forth in paragraph 58 of the Complaint, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

59. Defendants deny each and every allegation set forth in paragraph 59 of the Complaint, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

60. Defendants aver that the allegations set forth in paragraph 60 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the

extent that paragraph 60 of the Complaint contains factual allegations, Defendants deny each and every allegation.

61.  Defendants deny each and every allegation set forth in paragraph 61 of the Complaint.

62.  Defendants deny each and every allegation set forth in paragraph 62 of the Complaint.

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiffs and all Class Members)

63.  Defendants incorporate the responses made to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64.  Defendants aver that the allegations set forth in paragraph 64 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 64 of the Complaint contains factual allegations, Defendants deny each and every allegation, except admit that Plaintiff was employed by one or both Defendants from December 2006 to February 2011.

65.  Defendants aver that the allegations set forth in paragraph 65 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 65 of the Complaint contains factual allegations, Defendants deny each and every allegation.

66.  Defendants deny each and every allegation set forth in paragraph 66 of the Complaint, and aver that Defendants have properly compensated their employees, including Plaintiff, in accordance with Defendants' legal obligations.

67.  Defendants deny each and every allegation set forth in paragraph 67 of the Complaint.

68. Defendants deny each and every allegation set forth in paragraph 68 of the Complaint.

## PRAYER FOR RELIEF

69. Defendants deny each and every allegation set forth in the "WHEREFORE" clause of the Complaint, inclusive of subparts (a) to and including (l), and deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

70. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

71. The claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

72. The claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

73. The claims are barred, in whole or in part, by reason of accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

74. The claims are barred, in whole or in part, because at no time did Defendants act in a willful, wanton, reckless and/or malicious manner.

## SIXTH AFFIRMATIVE DEFENSE

75. The claims are barred, in whole or in part, to the extent that either one or both Defendants are not an "employer."

**SEVENTH AFFIRMATIVE DEFENSE**

76. The claims are barred, in whole or in part, because Plaintiff and others who are purportedly similarly situated have failed to mitigate any alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

77. The claims are barred, in whole or in part, because Plaintiff has failed to comply with all procedural requirements for maintaining this action.

**NINTH AFFIRMATIVE DEFENSE**

78. The claims are barred, in whole or in part, because the Defendants' alleged acts or omissions, if any, were in good faith and with the reasonable belief that the alleged acts or omissions, if any, were not a violation of any applicable law.

**TENTH AFFIRMATIVE DEFENSE**

79. The claims are barred, in whole or in part, because Plaintiff and others who are purportedly similarly situated are exempt from coverage under the Fair Labor Standards Act and the New York Labor Law and are therefore not entitled to overtime compensation.

**ELEVENTH AFFIRMATIVE DEFENSE**

80. The claims are barred, in whole or in part, by the equitable doctrine of avoidable consequences.

**TWELFTH AFFIRMATIVE DEFENSE**

81. Plaintiff's purported § 16(b) collective action and their purported Rule 23 class action are procedurally irreconcilable and inherently incompatible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

82. Some or all of the claims alleged in the Complaint are not proper for treatment as a collective or class action because, among other reasons: (a) Plaintiff is not similarly situated to the individuals he purports to represent; (b) Plaintiff lacks standing to assert the legal rights or

interests of others; (c) Plaintiff is an inadequate representatives of the purported class (the existence of which is expressly denied); (d) Plaintiff cannot establish the commonality of his claims; (e) Plaintiff cannot establish the typicality of his claims; and (f) the individualized nature of Plaintiff's claims make class treatment inappropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

83. Defendants presently have insufficient knowledge or information to form a belief as to whether they may have additional, yet unasserted, affirmative defenses. Defendants therefore expressly reserve the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such additional defenses would be appropriate.

**WHEREFORE**, Defendants seek judgment against Plaintiff:

(a) Denying Plaintiff's request to proceed as a collective or class action;

(b) Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

(b) Awarding Defendants their costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowed by law; and

(d) Granting Defendants such other and further relief as this Court deems just and proper.

-15-

Dated: New York, New York  Respectfully submitted,
       July 15, 2011

                                 **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

                                 By:  *s/ Jonathan Stoler*
                                        Jonathan Stoler
                                        Eric Raphan

                                30 Rockefeller Plaza
                                New York, New York 10112
                                Telephone:  (212) 653-8700
                                Facsimile:  (212) 653-8701
                                jstoler@sheppardmullin.com
                                eraphan@sheppardmullin.com
                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I, Jonathan Stoler, hereby certify that on July 15, 2011, I caused a true and correct copy of the foregoing Answer and Affirmative Defendants to be electronically filed utilizing the Court's CM/ECF system, which will automatically send notice of such filing to the following attorneys of record:

Marc S. Hepworth
Charles Gershbaum
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016

Seth R. Lesser
Fran L. Rudich
Michael J. Palitz
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, New York 10573

Bradley L. Berger
BERGER ATTORNEY P.C.
321 Broadway
New York, New York 10007

*Attorneys for Plaintiff*

Dated: New York, New York                     *s/ Jonathan Stoler*
       July 15, 2011                                 Jonathan Stoler