USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

FRANCISCO FERREIRA, individually and on
behalf of all others similarly situated,

                    Plaintiffs,

          -against-

MODELL'S SPORTING GOODS, INC., and
HENRY MODELL & COMPANY, INC.,

                    Defendants.

---------------------------------------------------------------- x

Civil Action No. 11-cv-02395 (DAB) (AJP)

## ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, the Plaintiffs and Defendants, Modell's Sporting Goods, Inc. and Henry Modell & Company Inc. (collectively referred to herein as "Modell's" or "Defendants") have entered into a Settlement Agreement, Release and Waiver ("Settlement Agreement") intended to resolve, on a global basis, the litigation in this Court against Defendants arising out of their alleged misclassification of assistant store managers for failure to pay overtime; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendants; and

WHEREAS, the Court has before it the parties' Joint Motion for Preliminary Approval of Settlement and papers in support thereof, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

3. The Court conditionally certifies for settlement purposes only the following two classes:

    (i) The <u>Federal Class</u> shall include all individuals who have filed consents to join the Action (including without limitation all individuals who timely return a valid Claim Form containing a consent to join the Action) and who worked for Modell's as an ASM in any state in the United States within the three years prior to filing their consent to join the Action through the date that the Court grants preliminary approval of the Settlement and who, as ASMs, were classified as exempt by Modell's. The Federal Class Period shall run until the date of such preliminary approval.

    (ii) The <u>State Class</u> shall include all individuals employed as ASMs for Modell's during the time periods specified below and who, as ASMs, were classified as exempt by Modell's. The State Class Periods shall run until the date of preliminary approval.

        (1) In Connecticut, Delaware, Maryland, Massachusetts, New Hampshire, New Jersey, Pennsylvania, Rhode Island, Virginia, and the District of Columbia, at any time from three (3) years prior to the filing of the Amended Complaint, through the date that the Court grants preliminary approval of the Settlement.

        (2) In New York, at any time from six (6) years prior to April 8, 2011, through the date that the Court grants preliminary approval of the Settlement.

4. The Court further conditionally finds that named Plaintiff Francisco Ferreira is an adequate class representative for the Settlement Classes.

5.  The Court further conditionally finds that Plaintiffs' Counsel are adequate to serve as Class Counsel and conditionally appoints the following as counsel for the class:

> Seth R. Lesser, Esq.
> Fran L. Rudich, Esq.
> Klafter Olsen & Lesser LLP
> Two International Drive, Suite 350
> Rye Brook, NY 10573
>
> Bradley Berger, Esq.
> Berger Attorney, P.C.
> 321 Broadway
> New York, New York 10007
>
> Marc S. Hepworth, Esq.
> Charles Gershbaum, Esq.
> David Roth, Esq.
> Hepworth, Gershbaum & Roth, PLLC
> 192 Lexington Avenue, Suite 802
> New York, New York 10016

6.  Any person who does not elect to be excluded from the Settlement Classes may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

### *Notice to Settlement Classes and Appointment of Settlement Administrator*

7.  The Court approves the form of Notice and Consent to Join and Claim Form, attached as Tabs D and E to the parties' Settlement Agreement and the manner of notice set forth in Sections 9 and 10 of the Settlement Agreement. Within fourteen (14) days from the date of this Order, the Parties shall instruct the Settlement Administrator to compile and mail the Notices to members of the Settlement Classes.

8.  The manner and forms of Notice set forth in Sections 9 and 10 of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the parties are directed to ensure that the Notice is

disseminated according to the terms of Sections 9 and 10. Settlement Class members may request exclusion from the Settlement or object to the Settlement no later than 30 days after the Notice was mailed. Settlement Class members may file a claim form up to 60 days after the Consent to Join and Claim Form are mailed, which must be postmarked by that date. Prior to the Final Approval Hearing, Plaintiffs and/or the Claims Administrator shall serve and file a sworn statement attesting that the Notice was disseminated pursuant to the Settlement Agreement.

9. The Notices to be provided as set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of FED R. Civ. P. 23, due process, the Constitution of the United States, the laws of New York and all other applicable laws. The Notices are accurate, objective, informative and provide members of the Settlement Classes with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

10. The parties and their respective counsel are authorized to retain RG/2 Claims Administration LLC to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

### *Requests for Exclusion from the Settlement Class*

11. Any member of the Settlement Classes who wishes to be excluded ("opt out") must send an opt-out written request for exclusion to the Claims Administrator, so that it is received by the Claims Administrator at the address indicated in the Notice on or before the date thirty (30) days after the Notice was mailed. In order to be effective, this Request for Exclusion must include the Settlement Class member's name and address, and should state: (1) that the

Settlement Class member is requesting to be excluded from the Parties' settlement in the case entitled, *Francisco Ferreira, Individually and on Behalf of All Other Persons Similarly Situated v. Modell's Sporting Goods, Inc. and Henry Modell & Company Inc.* Civil Action No. 11-cv-02395 (DAB) (AJP); and (2) that the Settlement Class member understands that by being excluded from the settlement, the Settlement Class member will receive no funds in conjunction with the case. If, however, the Settlement Class member submits a timely Claim Form, his or her opt out request will be void.

12. Members of the Settlement Classes may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Claims Administrator.

13. Any member of the Settlement Classes who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the settlement fund pursuant to the Settlement Agreement. All members of the Settlement Classes who do not personally and timely request to be excluded are enjoined from proceeding against the Defendants for the claims that were or could have been made in the Amended Complaint.

*Objections to the Settlement*

14. Any person who does not elect to be excluded from the Settlement may, but need not, submit comments or objections to the proposed Settlement or Class Counsel's application for fees and expenses by serving a written objection.

15. Any individual making the objection (an "Objector") must sign the objection personally. To object, Settlement Class members must file with the Court and serve on counsel for the Parties a written statement describing their reasons for objecting to the Settlement no later

than thirty (30) days after the Notice was mailed. No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein and detailed in the Notice attached to the Settlement Agreement as Tab D.

16. An objection must also state the Objector's full name, address, and the dates and position of the Objector's employment with Defendants.

17. If an Objector intends to appear personally at the Final Approval Hearing, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel must identify each such Settlement Class member, and each Settlement Class member must have complied with the requirements of this Order.

### *The Final Approval Hearing*

18. A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on _March 11, 2015 at 2:30 PM_, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal with prejudice of the above-captioned action with respect to Defendants herein, and the entry of final judgment.

19. Class Counsel's application for award of attorney's fees and costs and the Class Representatives' application for service payments shall be heard at the time of the Final Approval Hearing. Any application for an award of attorneys' fees and costs and any application for service payments shall be filed with the Court no later than ten (10) days prior to the Final Approval Hearing.

20.     The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes other than that which may be posted by the Court.

21.     Only Settlement Class members who have filed and served timely notices of objection in accordance with the terms of this Order shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Settlement Class Counsel's application for fees, costs, and expenses or to the awards proposed for the Settlement Class Representatives, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

### *Other Provisions*

22.     Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

23.     All reasonable costs incurred in notifying members of the Settlement Classes, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

24.     Certification of the Settlement Classes is a conditional certification for settlement purposes only. If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Classes shall be void and the Defendants, pursuant to the terms of the Settlement Agreement, shall have reserved all of its rights to oppose any and all class or collective action certification motions in this Action, or in

any other wage and hour class or collective action, or any other class action under Fed. R. Civ. P. 23 or any other applicable rule, statute, law or provision, on any grounds, including but not limited to contesting the adequacy of any plaintiff as representative of any putative class, and to contest the adequacy of Plaintiffs' counsel as adequate Class Counsel. Additionally, Plaintiffs reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement, should the Settlement Agreement not be consummated.

25. For all the reasons stated in the Parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement, immediately following the entry of this Order, all members of the Settlement Classes shall be enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court based on putative violations of the FLSA or any state or local law (including statutory, regulatory, and common law) pertaining to hours of work or payment of wages, including without limitation all claims that were or could have been asserted in the above-captioned case by or on behalf of assistant store managers who worked for Defendants within the applicable proposed Class Periods. This injunction shall remain in effect through the dismissal of this case, as defined herein.

**SO ORDERED**, this ___ day of April, 2014.

*Deborah A. Batts*
10/16/14